**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BONITA C. WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-027-DFH-TAB |
| | ) | |
| ST. VINCENT HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion to Dismiss**

This is an employment discrimination lawsuit brought by Bonita C. Webster ("Webster") against St. Vincent Hospital ("St. Vincent"). Prior to filing suit, Webster filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice September 28, 2007. Webster's right to proceed with a lawsuit based on the charge of discrimination is linked to the timing of her receipt of the right to sue notice. Specifically, she has 90 days from receipt of the right to sue notice from the EEOC in which to file suit. See 42 U.S.C. § 2000e-5(f)(1).

Webster alleges that she received the right to sue notice on October 8, 2007. The court notes that this was Columbus Day, a day on which mail was not delivered. The 90th day after October 8, 2007, was January 6, 2008, which was a Sunday. Even if the court starts counting on October 9, 2007, the 90th day after October 8, 2007, was January 7, 2008. Under either scenario, the last day to timely file a complaint under these circumstances was Monday January 7, 2008. Webster's complaint was signed and filed with the clerk on Tuesday, January 8, 2008.

Based on the above circumstances, St. Vincent seeks dismissal of the action based on its argument that the complaint fails to state a claim upon which relief can be granted. Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show h[er] suit is time barred or otherwise without merit, [s]he has pleaded [her]self out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

The 90-day period begins to run on the date the plaintiff actually received the right to sue notice. *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001); *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). As shown above, this lawsuit was filed on the 92nd day after Webster states she received the right to sue notice, though even if that notice was actually received by her on October 9, 2007, the lawsuit was filed on the 91st day after such receipt.

Webster now acknowledges the 90-day filing period and the computation shown above, but states that she diligently searched for counsel after she received the right to sue notice, that no attorney informed her that the lawsuit had to be filed at the beginning of January or else she would lose her right to sue. She believed that she had two years to file suit. She also has informed the court that her father, Russell Webster, passed away on September 8, 2007, which was and has been extremely difficult for her.

Even though Webster is proceeding *pro se*, her asserted lack of knowledge of the 90-day deadline does not excuse the fact that the lawsuit was not timely filed. See *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850-51 (7th Cir. 2001) ("While Threadgill's failure to understand the implications of the right-to-sue notice elicits sympathy, [p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") (internal quotation omitted). In this case, the right to sue notice was addressed to Webster and it clearly recited the 90-day rule. Webster has received the benefit of the Seventh Circuit's rule that the 90 days started to run when she actually *received* the right to sue notice, which in this case allowed ten days for mailing, far in excess of the normal three-day presumption for delivery of mail. In addition, no other equitable tolling principle applies to the circumstances of this case. See *Threadgill*, 269 F.3d at 850. ("Equitable tolling, however, is reserved for situations in which the claimant has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time.") (internal quotation omitted). The circumstances surrounding Webster's lack of counsel or personal difficulties in 2007 do not satisfy the requirements of equitable tolling.

Because this lawsuit was not filed within 90 days of the plaintiff's receipt of the right to sue notice issued relative to her claims, her lawsuit is time-barred. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (retaliation claim several days after the 90 day deadline expired was time-barred); *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirmed grant of summary judgment to defendant when plaintiff filed lawsuit on 92nd day); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp 580 (N.D.Ill. 1996) (dismissed employment discrimination complaint where plaintiff filed lawsuit one day late); 42 U.S.C. § 2000e-5(f)(1).

Based on the foregoing analysis, therefore, St. Vincent's motion to dismiss (dkt 10) must be **granted,** and judgment consistent with this Entry shall now issue.

The initial pretrial conference set on May 21, 2008, is **vacated.**

So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 4/21/2008